UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF THE COMPLAINT
OF ANJAN THARAKAN, as Owner of
a 2023 18' Key West Vessel, Florida
Registration No. FL8719TP, its engines,
tackle, apparel, appurtenances, etc., for
Exoneration from or Limitation of Liability,

Case No. 8:24-cv-01656-KKM-SPF

    Petitioner.
_____/

## CLAIM OF BRECK MOOREFIELD, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF COLLIN R. MOOREFIELD

Claimant, Breck Moorefield, as personal representative for the Estate of Collin R. Moorefield ("Claimant") by counsel, and pursuant to Supplemental Rule F(5), files this claim against the Petitioner, Anjan Tharakan, as Owner of a 2023 18' Key West Vessel, Bearing Florida Registration No. FL8719TP, its engines, tackle, apparel and appurtenances ("Vessel") and alleges as follows:

### General Allegations

1. This is an action for damages under the general maritime law of the United States and supplemented by the laws of the State of Florida

2. At all material times, Claimant, Breck Moorefield, is the duly appointed Personal Representative of the Estate of Collin R. Moorefield having been appointed by the Honorable Pamela A. Campbell, Circuit Court Judge, probate division of the Circuit Court in and for Pinellas County, Florida, File No. 24-006606-ES-PR.

1

3. Claimant, Collin R. Moorefield, was a minor and did not have a surviving spouse at the time that he was killed on March 3, 2024. His beneficiaries eligible for recovery under the Florida Wrongful Death Act, Florida Statutes § 738 *et seq*. include his mother, Breck K. Moorefield, and his father, Harry Michael Moorefield (hereinafter, collectively "Survivors").

4. At all material times hereto, the Petitioner, Anjan Tharakan, is the alleged owner of the Vessel. Anjan Tharakan was and is a resident of Pinellas County, Florida.

5. Upon information and belief, Anjan Tharakan's wife, Katherine Tharakan, was a beneficial owner of the Vessel.

6. At all material times, C.T. was the operator of the Vessel, is the son of Anjan and Katherine Tharakan, and is a resident of Pinellas County, Florida.

**Factual Allegations**

7. On March 3, 2024, the date of the incident, the Vessel was equipped with a 115 HP outboard engine and could reach speeds upward of 45 miles per hour.

8. Upon information and belief, the Vessel is owned by Anjan Tharakan and/or his wife, Katherine, and they both had exclusive ownership, care, custody and control of the Vessel at all material times.

9. Anjan Tharakan permitted his son, C.T., to operate the Vessel without adequate experience, adult supervision, or ensuring the safety of third persons.

10. At all material times, Anjan Tharakan allowed C.T. to operate the Vessel when he knew or should have known through reasonable diligence that C.T. was

incompetent, inexperienced, and unqualified to safely operate the Vessel, especially while it was carrying passengers.

11. On March 3, 2024, C.T. was at this parents' home in St. Petersburg, Florida where was Anjan Tharakan was hosting other guests at a gathering.

12. At some point during this gathering, C.T. invited Collin Moorefield to go out on the Vessel.

13. Anjan Tharakan permitted C.T. to operate the Vessel without supervision, without ensuring that there was proper safety measures put in place, without ensuring C.T. did not bring alcohol onto the Vessel, and knowing their son was inexperienced and unqualified to operate the Vessel. Further, Anjan Tharakan knew that his son has proclivity to become distracted by looking at his phone.

14. On March 3, 2024, C.T. operated the Vessel driving it in a southwest direction from Venetian Isles in St. Petersburg, Florida. At this time, he had two passengers on board, another minor, V.S. and Collin Moorfield.

15. C.T. dropped off passenger V.S. near the Venetian Isles bridge so that V.S. could retrieve his bike and head home. Thereafter, C.T. accelerated the Vessel to 43.5 MPH traveling south along the docks that extend from the waterfront homes located on Bayshore Boulevard near northeast St. Petersburg.

16. C.T. proceeded to drive the Vessel in the navigable waterway, along Bayshore Boulevard in Northeast St. Petersburg, passing almost two dozen long and easily visible docks which conspicuously protrude out from the shore into Tampa Bay. Visibility was not a factor on the day of the incident.

17. Thereafter, C.T. drove the Vessel at or near its top speed (*i.e.*, 43.5mph) while under the influence of alcohol, while distracted by his cellphone for long periods of time, while attempting to adjust the radio, and while focusing on everything other than acting as a proper helmsman, and as a result he allided with a dock, in particular, a vessel and boat lift of a dock.

18. Because he was distracted and inhibited by alcohol, the Vessel operated by C.T. struck a dock located at 4039 Bayshore Blvd., NE St. Petersburg, FL 33703 (hereinafter, the "Allision" or "Incident").

19. As a result of the Allision, Collin Moorefield suffered massive blunt force trauma and was violently thrown from the Vessel into the waters of Tampa Bay.

20. The Florida Fish and Wildlife Commission ("FWC"), St. Petersburg Police, and other first responders thereafter arrived at the scene of the Allision to assist with the search and rescue efforts for C.T. and Collin Moorefield. Due to injuries sustained in the Allision, Collin Moorefield went under water and was not found for a lengthy period of time.

21. Once found, Collin Moorefield was nonresponsive and was transported by ambulance to John Hopkins All Children's Hospital where he was admitted for emergency medical treatment.

22. On March 3, 2024, Collin Moorefield succumbed to his injuries and died at John Hopkins All Children's Hospital. The cause of death was blunt force trauma and drowning.

23. After the Allision, C.T. admitted to those who assisted him out of the water that he had been looking down at his phone so he could change the music on the Vessel, immediately prior to impact.

24. As a direct and proximate result of Anjan Tharakan's negligent entrustment of the Vessel to C.T., Collin Moorefield suffered permanent and fatal injuries.

25. As a direct and proximate cause of Anjan Tharakan's negligence, Collin Moorfield's survivors, his parents, Breck K. Moorefield and Harry Michel Moorefield, suffer damages under the general maritime law and supplemented by the Florida Wrongful Death Act, namely loss of companionship in protection, mental pain and suffering, funeral expenses, loss of instruction, and loss of guidance.

26. All conditions precedent to the filing of this action have been satisfied or waived.

**COUNT I**
**(Claim of Negligent Entrustment against Anjan Tharakan)**

Claimant reasserts and realleges the allegations containing paragraphs 1-26 above as fully set forth in this count and states as follows:

27. On March 3, 2024, upon information and belief, Anjan Tharakan was the alleged owner of the Vessel.

28. Under the general maritime law, Anjan Tharakan owed a duty to the Claimant to ensure the reasonable care and operation of his Vessel.

29. Anjan Tharakan negligently entrusted the Vessel to his son, C.T., despite knowing that he was incompetent, inexperienced and otherwise incapable of reasonably, safely, and prudently operating the Vessel. Anjan Tharakan negligently entrusted the Vessel because:

   a. Anjan Tharakan allowed the Vessel to be operated in a negligent manner resulting in the death of Collin Moorefield;

   b. Anjan Tharakan permitted and allowed C.T. to take the Vessel on the day of the incident without first ensuring he was suitable to operate the vessel, not intoxicated, and not otherwise distracted;

   c. Anjan Tharakan failed to take the proper steps to ensure C.T.'s competence and sobriety before giving the Vessel to him on the day of the incident;

   d. Anjan Tharakan knew or should have known that C.T. engaged in illegal activities onboard the Vessel and during the voyage, including but not limited to, underage drinking;

   e. Anjan Tharakan entrusted the Vessel to a minor, C.T., who he knew or should have known through reasonable diligence was inexperienced and did not possess sufficient skill to operate the Vessel;

   f. Anjan Tharakan failed to provide C.T. with sufficient training and supervision to operate the vessel without an experience adult on board;

   g. Anjan Tharakan failed to properly ensure that his Vessel was operated safely on the day of the incident;

   h. Anjan Tharakan failed to exercise due diligence in selecting, training and supervising the operator of the Vessel, namely, C.T.;

   i. Anjan Tharakan failed to ensure that C.T. maintained a proper lookout while operating the Vessel;

   j. Anjan Tharakan failed to ensure that C.T. appropriately assessed, monitored, and responded to the risk of collision or allision;

k. Anjan Tharakan failed to ensure that C.T was informed of and followed the navigational rules of the road and exercise good seamanship;

l. Anjan Tharakan failed to enforce reasonable rules and expectations for the operation of his vessel in a safe and prudent manner; and

m. Anjan Tharakan failed to preserve evidence.

30. As a result of Anjan Tharakan's negligent entrustment of the Vessel to C.T., the Claimant sustained death, damages, and injury.

31. As a direct and proximate cause of Anjan Tharakan's negligent entrustment, Collin Moorefield suffered a permanent injury and death.

32. Moreover, as a direct and proximate cause of Anjan Tharakan's negligence, Claimant incurred expenses, fees, and costly medical care for his injuries including physicians' fees, medications, medical supplies, and ultimately, funeral expenses.

33. Furthermore, as a direct and proximate cause of Anjan Tharakan's negligence, Collin Moorefield suffered great physical pain, mental anguish, bodily injury, loss of capacity for the enjoyment of life, disability and disfigurement.

34. Claimant also suffered the loss of benefit of net accumulations that Collin Moorefield would have obtained had he lived to his normal life expectancy, including but not limited to, his life's lost earnings.

35. Finally, Collin Moorefield's Survivors, suffered loss of support and services, loss of companionship and protection, mental pain and suffering, funeral

expenses, loss of instruction, and loss of guidance, and will continue to suffer these damages for the remainder of their useful lives.

WHEREFORE, Claimant prays for a judgment to be entered against Anjan Tharakan in the amount that compensates the Estate and Survivors for any and all injuries that Collin Moorefield suffered, and all pain and suffering, loss of net accumulations, and damages Collin Moorefield's Survivors are allowed under the maritime law or Florida Wrongful Death Act jointly and severally, along with any other defendants for compensatory damages in this case. In addition to, pre-judgment interest, post-judgment interest, and any other relief this Court deems just and proper. Claimant demands a jury on all issues so triable.

Respectfully submitted,

*/s/ Anthony J. Cuva*
Anthony J. Cuva
Florida Bar No. 0896251
Email: cuva@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone: (813) 834-9191
Facsimile: (813) 443-2193
*Designated lead counsel pursuant to Local Rule 2.02(a)*

-and-

Ian R. Leavengood - FBN 0010167
Michael J. Boyle - FBN 689009
LEAVENLAW
3900 First Street North, Suite 100
St. Petersburg, FL 33703

P: (727) 327-3328 / F: (727) 327-3305
lrl.service@leavenlaw.com
*Attorneys for Claimant, Breck K. Moorefield, as Personal Representative for the Estate of Collin R. Moorefield*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of September 2024, the foregoing document was filed with the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Anthony J. Cuva*
Attorney