UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF THE COMPLAINT
OF ANJAN THARAKAN, as Owner of
a 2023 18' Key West Vessel, Florida	Case No. 8:24-cv-01656-KKM-SPF
Registration No. FL8719TP, its engines,
tackle, apparel, appurtenances, etc., for
Exoneration from or Limitation of Liability,

    Petitioner.
_____/

# ANSWER AND AFFIRMATIVE DEFENSES OF MOOREFIELD

Claimant, Breck Moorefield, as personal representative of the Estate of Collin R. Moorefield ("Claimant"), by counsel, files this Answer and Affirmative Defenses to the complaint for Exoneration from or Limitation of Liability filed by Anjan Tharakan, Petitioner, as Owner of a 2023 18' Key West Vessel, Florida registration No. FL8719TP ("Vessel") [DKT.1] and states as follows:

    1.    Claimant admits that this is an admiralty and maritime action.

    2.    Claimant denies that the Court has subject matter jurisdiction due to the fact that the only Claim averred is for negligent entrustment; thereby vitiating the grounds for a Limitation of Liability action.

    3.    Claimant admits that the venue is proper in this district; however, the Claimant avers that the Court lacks subject matter jurisdiction.

    4.    Denied.

1

5. Admitted.

6. Without knowledge, therefore, denied. Upon information and belief, Anjan Tharakan's wife was partial owner or beneficial owner of the Vessel and/or had care, custody, and control over the Vessel.

7. Denied.

8. Admitted.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied that the Petitioner is entitled to the benefits of the Limitation of Liability Act.

14. Denied.

15. Without knowledge; therefore denied.

16. Admitted.

17. Without knowledge; therefore denied.

18. Denied that the Stipulation for Costs and Ad Interim Stipulation for Value are sufficient or that they comply with the Supplemental Rules.

# AFFIRMATIVE DEFENSES

### First Affirmative Defense

For its first affirmative defense, Claimant states, because the only Claim averred in this case against Petitioner is for the negligent entrustment of the Vessel, the Court lacks subject matter jurisdiction. *See Joyce v. Joyce*, 975 F. 2d 379 (7th Cir. 1992).

### Second Affirmative Defense

For its second affirmative defense, Claimant states the Petitioner fails to state any claim upon which relief can be granted.

### Third Affirmative Defense

For its third affirmative defense, Claimant states that Petitioner had constructive and or actual "privity or knowledge" of the negligent acts that gave rise to the accident and resulting death of Collin Moorefield; and therefore, the Petition must be dismissed.

### Fourth Affirmative Defense

For its fourth affirmative defense, Claimant alleges that the accident and damages resulted from Anjan Tharakan's negligent entrustment of the Vessel to his 15-year-old son, C.T., whose negligent actions and omissions were within Anjan Tharakan's privity or knowledge.

### Fifth Affirmative Defense

For its fifth affirmative defense, Claimant states that Anjan Tharakan has failed to join all necessary and or indispensable parties to this case, namely, the co-owner of the vessel, Anjan Tharakan's wife, Katherine Tharakan.

### Sixth Affirmative Defense

For its sixth affirmative defense, Claimant avers that this matter should be litigated in State court pursuant to the "savings to suitors" clause, 28 U.S.C. § 1333, and that the case must be tried before a jury.

### Seventh Affirmative Defense

For its seventh affirmative defense, Claimant states that the limitation fund is inadequate, and the Complaint should be dismissed because the Petitioner has failed to deposit adequate security in compliance with the applicable Rules.

### Eighth Affirmative Defense

For its eighth affirmative defense, Claimant reserves its right to contest the value of the vessel and security, or lack of security posted.

### Ninth Affirmative Defense

For its ninth affirmative defense, Claimant states that the Petitioner is not entitled to limitation of liability or exoneration because the negligent actions or omissions which caused the subject accident were within the privity or knowledge of the Petitioner, and at all times Petitioner actually knew of, or could have discovered through reasonable diligence, the conditions likely to produce or contribute to the loss

and thereby could have prevented the negligent actions of the operator of the Vessel on the day of the incident.

## Tenth Affirmative Defense

For its tenth affirmative defense, Claimant states that the Petitioner is jointly and severally liable for the negligent acts of third parties who are not entitled to exoneration and/or limitation of liability.

WHEREFORE, the Claimant, Breck Moorefield as personal representative of the Estate of Collin Moorefield, respectfully requests that this Honorable Court enter an Order Dismissing the Petitioners Complaint for the foregoing reasons.

Respectfully submitted,

*/s/ Anthony J. Cuva*
Anthony J. Cuva
Florida Bar No. 0896251
Email: cuva@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Telephone: (813) 834-9191
Facsimile: (813) 443-2193
*Designated lead counsel pursuant to Local Rule 2.02(a)*

-and-

Ian R. Leavengood - FBN 0010167
Michael J. Boyle - FBN 689009
LEAVENLAW
3900 First Street North, Suite 100
St. Petersburg, FL 33703
P: (727) 327-3328 / F: (727) 327-3305
Irl.service@leavenlaw.com

*Attorneys for Claimant, Breck K. Moorefield, as Personal Representative for the Estate of Collin R. Moorefield*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 24th day of September 2024, the foregoing document was filed with the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

    */s/ Anthony J. Cuva*
    Attorney